# 99 DTA 213

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL IV**

DOÑA FRANCISCA CARRANZA, SARAI SAPENA DIAZ, AQUI REPRESENTADA POR DOÑA FRANCISCA CARRANZA
Recurridas

v.

SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICENCIA
DE PUERTO RICO H/N/C HOSPITAL AUXILIO MUTUO
Peticionaria

Núm. KLCE-99-00447

San Juan, Puerto Rico, a 30 de junio de 1999

Panel integrado por su Presidente, Juez Rossy García
y los Jueces González Rivera y Ortiz Carrión

González Rivera, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Nos corresponde examinar si es procedente la solicitud de la Sociedad Española de Auxilio Mutuo y Beneficencia de Puerto Rico (Auxilio Mutuo) de desestimar por prescripción la demanda presentada por doña Francisca Carranza a su nombre y en representación de la menor Saraí Sapena Díaz. ██

I

Los hechos del presente caso, según surgen de las alegaciones de la demanda, son los siguientes: El 18 de septiembre de 1996 doña Francisca Carranza y Saraí Sapena Díaz presentaron una demanda ante el Tribunal de Primera Instancia, Sala Superior de San juan, en la cual se alegó que el 9 de septiembre de 1994, el señor Arturo Carranza Ramos sufrió una caída al no obtener la asistencia necesaria para ir al baño mientras se encontraba hospitalizado en el Auxilio Mutuo. Alegaron que previo a su caída, el 31 de agosto de 1994, el señor Carranza Ramos fue sometido a una cirugía en la que le fue removido un tumor localizado en el falx y la corteza cerebral. El señor Carranza, según las alegaciones, recuperó adecuadamente de dicha intervención. También se alega que como consecuencia de la caída sufrió un trauma en la cabeza en la región que fue objeto de la intervención quirúrgica. Que como consecuencia de la caída y subsiguiente golpe recibido, el señor Carranza Ramos fue transferido a la unidad de cuidado intensivo debido al desarrollo de complicaciones en el área de la operación. El 22 de septiembre de 1994 falleció el señor Carranza Ramos. Sostiene la demanda que su muerte obedeció a la culpa o negligencia del personal del Auxilio Mutuo que le descuidó y abandonó durante el cuidado post operatorio.

Iniciado el proceso judicial, el 16 de octubre de 1996, el Auxilio Mutuo presentó una moción de desestimación. Adujo en la misma que aun tomando como ciertas las alegaciones contenidas en la demanda, la reclamación de la parte demandante estaba prescrita.

La parte demandante presentó su oposición, alegó que el término prescriptivo comenzó a decursar el 22 de septiembre de 1994, día en que ocurrió la muerte del señor Carranza Ramos. Además, que el término fue

interrumpido mediante una carta enviada al Auxilio Mutuo el 12 de septiembre de 1995. Planteó, además, que si bien era cierto que la demanda debía ser presentada el 12 de septiembre de 1996, durante esa semana Puerto Rico sufrió el azote del huracán Hortense por lo que el Tribunal Supremo suspendió los términos que vencían durante la mencionada semana por el término de cinco (5) días. A base de ello sostuvo que el término de un año se extendió hasta el 19 de septiembre de 1996. Fue así la contención de la demandante que en vista de que la demanda fue presentada el 18 de septiembre de 1996, la misma no estaba prescrita.

Luego de varios incidentes procesales, el Tribunal de Instancia dictó resolución el 30 de marzo de 1999, mediante la cual declaró no ha lugar la moción de desestimación.

## II

Para colocar el caso en correcta perspectiva, debemos iniciar por señalar que frente a una moción de desestimación un tribunal está obligado a dar por ciertas y buenas todas las alegaciones de hechos contenidas en la demanda presentada, doctrina que a su vez está limitada a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no dan margen a dudas. *Ramos Lozada v. Orientalist Rattan Furniture,* 130 D. P.R. 712 (1992); *Unisys v. Ramallo,* 128 D.P.R. 842 (1991); *Romero Arroyo v. E.L.A.,* 127 D.P.R. 724 (1991); *Granados Navedo v. Rodríguez,* 124 D.P.R. 1 (1989); *Ramos v. Marrero,* 116 D.P.R. 357 (1985); *First Federal Savings v. Asociación de Condómines,* 114 D.P.R. 426 (1983). Además, la demanda debe ser interpretada lo más liberalmente posible a favor de la parte demandante. Sus alegaciones se examinarán de la manera más favorable a ésta y no debe ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de la reclamación. Nuestro deber es determinar, si a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, si la demanda en este caso está prescrita. *Unysis, supra; Romero Arroyo, supra; González Camacho v. Santos Cruz,* 124 D.P.R. 396 (1989); *Granados Navedo, supra; Candal v. CT Radiology, Inc.,* 112 D.P.R. 227 (1982); *Reyes v. Sucesión Sánchez,* 89 D.P.R. 305 (1970); *Colón v. San Patricio Corp.,* 81 D.P.R. 242 (1959).

Atendiendo ahora la situación particular del caso que nos ocupa, donde se invoca como fundamento desestimatorio la prescripción de la acción instada, debemos aquí indicar que el Artículo 1868 del Código Civil establece que la acción para exigir responsabilidad por culpa o negligencia de que se trata el Artículo 1802, 31 L. P.R.A. 5141, prescriben al año desde que lo supo el agraviado. 31 L.P.R.A. 5298 (2).

El Tribunal Supremo ha establecido que la prescripción es institución de derecho sustantivo que se rige por las disposiciones del Código Civil, Arts. 1840-1847, 31 L.P.R.A. 5261-5304. Constituye una forma de extinción de determinado derecho por la inercia de la relación jurídica durante un período de tiempo determinado. El transcurso del período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. *Galib Frangie v. El Vocero,* **95 J.T.S. 71,** resuelto el 6 de junio de 1995; *Zambrana Maldonado v. E.L.A.,* 129 D.P.R. 140 (1992); *Culebra Enterprises Corp. v. E.L.A.,* 127 D.P.R. 943 (1991).

El acto interruptivo representa la manifestación inequívoca de una voluntad contraria al mantenimiento de la situación inerte manifestada ésta con anterioridad a que el plazo de deliberación se agote. *García Aponte v. E.L. A.,* **94 J.T.S. 14,** resuelto el 8 de febrero de 1994.

Ahora bien, la ley dispone y la jurisprudencia ha interpretado que la prescripción de las acciones se interrumpe por el ejercicio de las mismas ante los tribunales, por reclamación extrajudicial del acreedor o mediante cualquier acto de reconocimiento de deuda por parte del deudor. C. Civ. Art. 1873, 31 L.P.R.A. 5303.

La reclamación extrajudicial hecha por medio de carta interrumpe la prescripción de la acción si la misma

llega a su destino. *Díaz de Diana v. A.J.A.S.,* 110 D.P.R. 471 (1980). El interrumpir la prescripción de la acción tiene como efecto que el término prescriptivo comienza a contarse nuevamente por entero. *Hawayek v. AFF,* 123 D.P.R. 526 (1989); *Suárez Ruiz v. Figueroa Colón,* **98 J.T.S. 32,** resuelto el 25 de marzo de 1998. H. Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico,* **Publicaciones J.T.S.** (1986), página 568.

A su vez, en *Colón Prieto v. Géigel,* 115 D.P.R. 232 (1984), el Tribunal Supremo resolvió que el verdadero punto de partida para el inicio del término prescriptivo de una acción de daños y perjuicios es la fecha en que el agraviado supo del daño y pudo ejercer su acción. Al así resolver, el Tribunal Supremo aceptó que el conocimiento que tiene el titular sobre si ha nacido ya la acción que tiene derecho a ejercer es un factor determinante al evaluar si está prescrita o no dicha acción. *Colón Prieto v. Géigel, supra.* Claro queda que una causa de acción de daños no nace mientras el perjudicado no tenga conocimiento de su derecho a esa acción. *Colón Prieto, supra; Alicea v. Córdova,* 117 D.P.R. 676 (1986); *Riley v. Rodríguez,* 119 D.P.R. 762 (1987); *Toledo Maldonado v. Cartagena,* 132 D.P.R. 249 (1992).

**III**

Al examinar la situación particular del caso que nos ocupa a la luz del marco doctrinal antes expuesto, concluimos que no erró el tribunal de instancia al negarse a desestimar la demanda. De los autos se desprende que el deceso del Sr. Carranza Ramos sobrevino el 22 de septiembre de 1994, respondiendo su fallecimiento al alegado proceder culposo y negligente de los demandados. Surge, además, que los demandantes hicieron una reclamación judicial en tiempo oportuno para interrumpir el término prescriptivo inicial que tenía para interponer la acción, lo que acreditaron los demandantes en su escrito en réplica. Así es realidad incontrovertida que el 12 de septiembre de 1995 el representante legal de la demandante preparó y envió por correo certificado con acuse de recibo la siguiente comunicación:

*"12 de septiembre de 1995.*

*Sociedad Española*
*Hospital Auxilio Mutuo*
*P.O. Box 191227*
*San Juan, Puerto Rico 00919-1227*

*Estimados señores:*

*El Sr. Arturo Carranza Ramos falleció el 22 de septiembre de 1994 mientras era paciente en vuestro hospital debido a la negligencia de dicha institución.*

*Mi cliente, la viuda del Sr. Carranza Ramos, Doña Francisca de Jesús Robles y sus hijos, han de radicar una demanda de daños y perjuicios debido a esta negligencia y han de reclamarse los daños causados por estos hechos.*

*Esta carta tiene el propósito de interrumpir el término prescriptivo que existe para reclamar estos daños.*

*Atentamente,*

*Néctor Robles Abraham".*

En la referida carta, la que fue recibida por la aquí recurrente, las demandantes establecieron una reclamación formal extrajudicial. En ella hacen referencia al deceso del Sr. Carranza Ramos, el alegado

proceder negligente de los demandados y al propósito de reclamar indemnización por los daños resultantes. La carta específicamente dispone que la misma tiene el propósito de interrumpir el término prescriptivo que existe para reclamar daños.

Tal como hemos señalado, la reclamación extrajudicial hecha por medio de la carta llegó a su destino y tuvo el efecto de interrumpir el término prescriptivo por un año hasta el 13 de septiembre de 1996. Fue recibida según el acuse del correo el 18 de septiembre del 1995. Conforme a lo establecido en *Díaz de Diana v. A.J.A.S. Ins. Co., supra*, la misma constituyó una manifestación inequívoca por parte de los demandantes para no perder su derecho a la reclamación.

De otra parte, tomamos conocimiento que durante los días comprendidos entre el 9 al 13 de septiembre de 1996, debido a los efectos del Huracán Hortensia sobre Puerto Rico, el Tribunal Supremo extendió por cinco (5) días laborales, a contar de la fecha de vencimiento, los términos que expiraban durante los días antes señalados. *In re: Extensión de Términos*, **96 J.T.S. 116**, del 11 de septiembre de 1996. Por lo tanto, el término para la presentación de la demanda se extendió hasta el 20 de septiembre de 1996. La demanda se presentó el 18 de septiembre de 1996 dentro del término de ley dispuesto. En consecuencia, no incidió el foro de instancia al emitir el dictamen aquí recurrido.

## IV

Por los fundamentos expuestos se deniega la expedición del auto solicitado.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 99 DTA 213

**1.** La moción de desestimación presentada el 16 de octubre de 1996 es aplicable solamente a la causa de acción a la demandante Francisca Carranza, toda vez que la demandante Saraí Sapena Díaz es menor de 18 años de edad, por lo que el término prescriptivo de su causa de acción no comienza a decursar hasta que ella advenga a la mayoría de edad.